Mark E. Freedlander, Esq.  
Pa. I.D. No. 70593  
Michael J. Roeschenthaler, Esq.  
Pa. I.D. No. 87647  
McGuireWoods LLP  
625 Liberty Avenue, 23rd Floor  
Pittsburgh, PA 15222  
Telephone: (412) 667-6000  
Facsimile: (412) 667-6050  
E-mail: mfreedlander@mcguirewoods.com

E-Filed on 6/10/08

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| In re: | Case No.: BK-N-07-51378-GWZ |
|---|---|
| HIDDEN SPLENDOR RESOURCES, INC., | Chapter 11 |
| Debtor-in-Possession. | First Interim Fee Application of McGuireWoods LLP |

**SUMMARY COVER SHEET ON THE FIRST FEE APPLICATION  
OF MCGUIREWOODS LLP FOR ALLOWANCE OF  
COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL  
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE  
PERIOD FROM NOVEMBER 2, 2007 THROUGH MAY 31, 2008**

| | |
|---|---|
| **Name of Applicant:** | **McGuireWoods LLP** |
| Authorized to provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | November 2, 2007 |
| Period for Which Compensation and Reimbursement is sought: | November 2, 2007 through May 31, 2008 |
| Amount of Compensation for Services Sought as Actual, Reasonable and Necessary: | $100,067.50 |
| Amount of Expenses Sought to be Reimbursed as Actual, Reasonable and Necessary: | $3,173.65 |
| Total Amount of Fees and Expenses Sought to be Reimbursed As Actual, Reasonable and Necessary: | $103,241.15 |

This is the first application for an allowance of compensation and reimbursement of expenses incurred pursuant to 11 U.S.C. §§ 330 and 331.

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>HIDDEN SPLENDOR RESOURCES, INC.,<br><br>Debtor-in-Possession. | Case No.: BK-N-07-51378-GWZ<br><br>Chapter 11<br><br>First Interim Fee Application of McGuireWoods LLP |

**FIRST FEE APPLICATION OF MCGUIREWOODS LLP
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR THE PERIOD FROM
NOVEMBER 2, 2007 THROUGH MAY 31, 2008**

McGuireWoods LLP ("McGuireWoods" or "Applicant"), counsel to the Official Committee of Unsecured Creditors (the "Committee"), pursuant to sections 330(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016 files this First Fee Application for Allowance of Compensation and Reimbursement of Expenses for the Period from November 2, 2007 through May 31, 2008 ("First Fee Application"), and states as follows:

**I.     JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1134. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.     BACKGROUND**

2. The Debtor filed a voluntary petition under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code") on October 15, 2007 (the "Petition Date").

3. On October 30, 2007, the Committee was appointed by the United States Trustee for the United States Bankruptcy Court for District of Nevada. The Committee is comprised of the following five (5) creditors: Echo Industries, RM Wilson Company, Industrial Electric Moto, Fairmont Supply Company, and Pierce Oil Co., Inc.

4. On November 8, 2007, the Committee filed an Application for Entry of Order

Pursuant to 11 U.S.C. §§ 105 and 1103(a) of the Bankruptcy Code Authorizing and Approving the Employment and Retention of McGuireWoods LLP as Counsel for the Committee, *Nunc Pro Tunc*, as of November 2, 2007. McGuireWoods' retention was approved by this Court's Order entered on November 9, 2007. A copy of the Order approving the retention and employment of McGuireWoods is attached hereto as **Exhibit A**.

5. McGuireWoods files this First Fee Application Request for legal services rendered during the period starting on November 2, 2007 and extending through and including May 31, 2008 (the "First Fee Period") and for allowance of the actual and necessary expenses incurred by it on behalf of the Committee in this case during the First Fee Period.

6. No agreement or understanding has existed or does exist between McGuireWoods and any other person for the sharing of compensation received or to be received in this case.

### III. SUMMARY OF COMPENSATION AND EXPENSE REIMBURSEMENT REQUESTED

7. The value of the services performed by McGuireWoods LLP on behalf of the Committee during the First Fee Period is $100,067.50, with a blended hourly rate for such work performed of approximately $388.91 per hour.

8. By this Application, McGuireWoods seeks allowance of compensation in the amount of $100,067.50 for legal services rendered on behalf of the Committee during the First Fee Period, and the reimbursement of expenses incurred in the sum of $3,173.65 during the First Fee Period, and requests payment of $103,241.15, which represents the total fees and expenses that have not been paid to date.

9. All services performed by McGuireWoods during the First Fee Period were performed for and on behalf of the Committee.

10. During the First Fee Period, McGuireWoods provided a total of 257.3 hours of

legal and paralegal services on behalf of the Committee.  Set forth in **Exhibit B** is a list of the name and position of each McGuireWoods professional, together with that person's hourly billing rate, and the amount billed for each professional who rendered services during the First Fee Period.  Set forth in **Exhibit C** is a chronological listing of services provided for each category for the First Fee Period.  Set forth in **Exhibit D** is a chart showing the actual and necessary expenses in the amount of $3,173.65 incurred in the rendition of actual and necessary services by McGuireWoods during the First Fee Period.

### IV.    SUMMARIES OF SERVICES RENDERED

11. McGuireWoods has accounted for its time by designating twenty-two (22) separate categories, standard for a case of this size and nature, to which time was billed as follows:

| | |
|---|---|
| 01 | General (Administrative Matters) |
| 02 | Petition, Schedules and Financial Reports |
| 03 | Investigation of Prepetition Transactions |
| 04 | Debtor in Possession Financing |
| 05 | Monthly Reports |
| 06 | Cash Collateral |
| 07 | Creditors Inquiries |
| 08 | Docket Review |
| 09 | Employee Matters |
| 10 | Executory Contracts, Personalty Leases and Real Estate Leases |
| 11 | Reclamation |
| 12 | Client Conferences |
| 13 | Disclosure Statement and Plan of Reorganization |
| 14 | Insurance |
| 15 | Taxes |
| 16 | Utilities |
| 17 | Creditors' Committee |
| 18 | Claims Processing |
| 19 | Miscellaneous Motions and Adversary Proceedings |
| 20 | Sales |
| 21 | Motions for Relief from Stay |
| 22 | Retention of Professionals and Fee Applications |

12. A narrative statement of the services rendered in each category and a summary of the time and charges of each professional who rendered services and the grand total of all time and charges for services rendered in each category is as follows:

01   General (Administrative Matters).  Services rendered in this category include: review and analysis of case documentation; general research relating to posture of the case; meeting and communication with case professionals regarding case status and resolution of open issues; committee organizational matters; strategic planning; and other general issues in the bankruptcy case.  The total hours expended in this category are **78.6** and the total amount of compensation sought in this category is **$30,812.50**.

02   Petition, Schedules and Financial Reports.  Services rendered in this category include: review and analysis of Debtor's schedules and statements; monthly operating reports, and pre-bankruptcy transactions.  The total hours expended in this category are **2.5** and the total amount of compensation sought in this category is **$845.00**.

03   Investigation of Prepetition Transactions.  Services rendered in this category include: review and analysis of loan documents, appraisals and lien searches; preparation of memorandum to Committee regarding related analysis; review of schedules and statements and communications to Debtor's counsel regarding related inquiries; research issues concerning perfection of liens and security interests and other due diligence issues; interoffice meeting regarding bank liens, and review of documents relating to Debtor's assets and pre-petition activity.  The total hours expended in this category are **11.0** and the total amount of compensation sought in this category is **$4,545.00**.

04   Debtor-in-Possession Financing.  Services rendered in this category include: review of recent budget updates, and analysis of final DIP Orders entered in previous bankruptcy proceedings.  The total hours expended in this category are **.4** and the total amount of compensation sought in this category is **$90.00**.

05   Monthly Reports.  Services rendered in this category include: review of Debtor's operating reports, budgets, and office communications relating to same.  The total hours expended in this category are **1** and the total amount of compensation sought is **$375.00**.

06   Cash Collateral.  Services rendered in this category include: communications with case professionals regarding cash collateral issues; review and revise draft stipulation for use of cash collateral; review and analysis of cash collateral pleadings and related office communications; review and analysis of Debtor's monthly projections and budget; cash reconciliations, weekly financial reports, and communications with C. Orgill regarding report discrepancies.  The total hours expended in this category are **24** and the total amount of compensation sought in this category is **$10,650.00**.

07   Creditors Inquiries.  Services rendered in this category include communicating with general creditors and Committee regarding case status and strategy.  The total hours expended in this category are **.5** and the total amount of compensation sought is **$187.50**.

08   Docket Review. Services rendered in this category include daily review and distribution of case docket.  The total hours expended in this category

are **4.3** and the total amount of compensation sought is **$752.50**.

09   Employee Matters. There were no services rendered in this category.

10   Executory Contracts, Personalty Leases and Real Estate Leases. Services rendered in this category include: review and analysis of Debtor's UCC financing statements and appraisals; office conferences and communications with Debtor's counsel regarding Debtor's extension of time to assume/reject and related open matters; review of Debtor's motion to extend time to assume/reject coal leases; review of lease documents and research applicable law regarding process for termination of federal lease; review of correspondence relating to BLM lease; research issues relating to BLM lease and additional reserves; review and revise stipulation regarding federal lease; and related communications with case professionals. The total hours expended in this category are **17.2** and the total amount of compensation sought is **$6,317.50**.

11   Reclamation. There were no services rendered in this category.

12   Client Conferences. Services rendered in this category include multiple communications with Committee and local counsel regarding case status and strategy, and preparation of status reports and memorandum to Committee relating to same. The total hours expended in this category are **2.9** and the total amount of compensation sought is **$1,087.50**.

13   Disclosure Statement and Plan of Reorganization. Services rendered in this category include: review of plan term sheet; analysis of sources of proposed funding and prepare memorandum to Committee regarding same; communications with Debtor's counsel regarding plan structure; strategy discussions with local counsel regarding Committee meeting results and plan negotiation strategy; prepare Committee plan term sheet diligence requests; communications with Debtor's counsel regarding Committee position on exclusivity extension; review of plan and disclosure statement and related inquiries to Debtor's counsel; review Debtor's responses to plan inquiries; analysis of feasibility of proposed plan; outline issues with disclosure statement; prepare objection to disclosure statement; additional communications to Debtor's counsel regarding plan execution issues; related communications with case professionals regarding operations and feasibility issues; prepare for and participate in communications with potential investor, and analysis of Debtor's projected budgets, production report and projections listed in disclosure statement. The total hours expended in this category are **37** and the total amount of compensation sought is **$15,375.00**.

14   Insurance. Services rendered in this category include: review of case documentation regarding insurance matters; communications with case professionals regarding workers' compensation issues, and related office communications regarding same. The total hours expended in this category are **1** and the total amount of compensation sought in this category is **$375.00**.

15   Taxes. Services rendered in this category include communications with local counsel regarding Debtor's tax issues. The total hours expended in this category are **.1** and the total compensation sought is **$37.50**.

| | | |
|---|---|---|
| 16 | Utilities. | Services rendered in this category include: review of draft utility stipulation and order relating to adequate assurance with Rocky Mountain Power, and provide comments to opposing counsel regarding same.  The total hours expended in this category are **3.8** and the total amount of compensation sought in this category is **$1,337.50**. |
| 17 | Creditors' Committee. | Services rendered in this category include: office communications regarding Committee formation and strategy; prepare for and participate in initial Committee conference call; draft memorandum to Committee regarding outcome of 341 meeting; communications with Committee member regarding term sheet status and strategy discussion and preparation of summary to Committee; review of Colliers and case law regarding Committee fiduciary duties and plan solicitation rights; draft related motion; prepare additional status and strategy update reports to Committee; draft revisions to investment banker solicitation for proposals; prepare for and conduct conference call with Committee regarding plan process and related issues, and communications with local counsel and office regarding case status.  The total hours expended in this category are **20.6** and the total amount of compensation sought is **$9,157.50**. |
| 18 | Claims Processing. | Services rendered in this category include: review of proofs of claims filed; preparation of claims analysis for distribution and feasibility purposes; review of objections to MMS claims; prepare related response to MMS claim objection, and communications with office and local counsel regarding same.  The total hours expended in this category are **5.6** and the total amount of compensation sought is **$2,085.00**. |
| 19 | Miscellaneous Motions and Adversary Proceedings. | Services rendered in this category include: review and analysis of case documentation and pleadings filed of record; conferences with case professionals regarding open matters and strategy, miscellaneous motions filed and relief requested; preparation of case files for hearings; preparation and participation in various hearings; preparation of miscellaneous pleadings; maintenance of critical dates calendar; and coordination of filing and service of pleadings with court.  The total hours expended in this category are **21.4** and the total amount of compensation sought is **$6,925.00**. |
| 20 | Sales. | Services rendered in this category include: review and analysis of pre-petition loan documents and due diligence materials; communications with case professionals regarding potential investment banker retention and interoffice conferences relating to same, and review of appraisals and analyze value changes.  The total hours expended in this category are **6.5** and the total amount of compensation sought is **$2,575.00**. |
| 21 | Motions for Relief from Stay. | There were no services rendered in this category. |
| 22 | Retention of Professionals and Fee Applications. | Services rendered in this category include preparation of retention application and incorporation of related revisions; communications with U.S. Trustee and client regarding approval of retention; conferences with office and local counsel regarding process relating to filing of pleadings; review of |

Debtor's first fee application; review and revise supplemental affidavit of McGuireWoods in support of retention; communications with potential investment banker regarding case status and scope of potential retention, and communications with Debtor's counsel regarding fee applications and open matters. The total hours expended in this category are **18.8** and the total amount of compensation sought is **$6,537.50**.

## V.     ALLOWANCE OF COMPENSATION

13.    The fees and expenses requested for this First Fee Period by McGuireWoods LLP are based on the firm's usual and customary hourly rates and expenses charged for work performed for other clients on both bankruptcy and non-bankruptcy related matters.

14.    As set forth in the attached Affidavit of Mark E. Freedlander, McGuireWoods LLP has not represented or held an interest adverse to the estate, and is a disinterested person within the meaning established by § 327(a) of the Bankruptcy Code. Additionally, no division of fees prohibited by Section 504 of the Bankruptcy Code and no agreement prohibited by 18 U.S.C. § 155 has been or will be made by McGuireWoods LLP or any of its employees.

WHEREFORE, McGuireWoods LLP respectfully requests that this Honorable Court enter an Order allowing it compensation in the amount of $100,067.50 for legal services rendered on behalf of the Committee during the First Fee Period, and allowing reimbursement of expenses incurred in the sum of $3,173.65 during the First Fee Period, and directing the Debtor to immediately pay $103,241.15, which represents all outstanding fees and expenses due to McGuireWoods during the First Fee Period.

Submitted by:

McGuireWoods, LLP

  /s/ Mark E. Freedlander
By: Mark E. Freedlander
Co-Counsel for the Committee